

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-26-2009

# John Futch v. Keith Dewey

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3768

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"John Futch v. Keith Dewey" (2009). *2009 Decisions.* Paper 1673.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1673

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-106                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3768
_____

JOHN RANDALL FUTCH,
                                        Appellant

v.

KEITH DEWEY, Case Manager @ FCI Allenwood;
FEDERAL BUREAU OF PRISONS;
UNITED STATES OF AMERICA

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 08-cv-01372)
District Judge:  Honorable Richard P. Conaboy

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 20, 2009
Before: SLOVITER, FUENTES and JORDAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 26, 2009)
_____

OPINION
_____

PER CURIAM

John Randall Futch appeals from the District Court's dismissal of his Bivens[1] action for failure to state a claim for relief pursuant to 28 U.S.C. § 1915(e)(2)(B). The District Court also denied Futch's motions for an injunction and to amend his complaint. Appellees have filed a motion for summary affirmance. For the reasons provided by the District Court, we will grant the motion and affirm.

On July 21, 2008, Futch, a prisoner at the Federal Correctional Institution at Allenwood ("FCI-Allenwood"), filed a complaint against Keith Dewey, Case Manager, the Federal Bureau of Prisons, and the United States of America under 42 U.S.C. § 1983. Futch alleged that he provided a confidential statement to Dewey regarding a fight that occurred between inmates in November 2007, and that Dewey "mistakenly" published that statement to the inmates who had been fighting. As a result, Futch was placed in the Special Housing Unit ("SHU") and then transferred to FCI-Fort Dix. At Fort Dix, Futch alleged that inmates learned of his statement and he was placed in protective custody. Futch requested that the court transfer him to a "camp," restore his job, and provide compensation for the time he spent in SHU, as well as grant any other relief deemed necessary. Futch also filed a letter with the District Court, which it construed as a motion for an injunction.

Based on recommendations by the Magistrate Judge, the District Court dismissed

---

[1] Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

Futch's action. The court found that the Board of Prisons and the United States were immune from damages, that Dewey's inadvertent disclosure of confidential information did not constitute an Eighth Amendment violation, and that the prison responded reasonably by placing Futch in protective custody and transferring him to another facility. The court also found that Futch had no right to be placed in a particular prison or to have a particular custody status. The court dismissed Futch's request for preliminary injunction and denied him leave to amend the complaint.

Futch filed the instant appeal, along with motions for appointment of counsel, to stay the appeal, and a document construed as a motion demonstrating imminent danger. Futch also filed several letters with the Court in response to Appellee's motion for summary affirmance. We have appellate jurisdiction over this appeal under 28 U.S.C. § 1291. Our standard of review of the District Court's dismissal is plenary. Atkinson v. LaFayette College, 460 F.3d 447, 451 (3d Cir. 2006). Under 28 U.S.C. § 1915(e)(2)(B), an appeal must be dismissed if it has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Alternatively, we may grant appellee's motion for summary affirmance if the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4 and 3d Cir. I.O.P. 10.6.

The District Court correctly dismissed the damages portion of Futch's Bivens claim against the Board of Prisons and the United States based on sovereign immunity. F.D.I.C v. Meyer, 510 U.S. 471, 485-86 (1994); 28 U.S.C. § 1915(e)(2)(B)(iii); 28 U.S.C.

§ 1915A(b)(2).  With respect to Futch's claim that the prison failed to protect his safety, Futch conceded that Dewey's disclosure of information was done "mistakenly" and "inadvertently."  As a result, he cannot show that Dewey had a "sufficiently culpable state of mind" when he released Futch's confidential statement.  Farmer v. Brennan, 511 U.S. 825, 833 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 297 (1991)).  Besides, Futch did not allege any actual harm, and thus cannot show that the prison violated his constitutional rights by failing to ensure his "reasonable safety."  Farmer, 511 U.S. at 834, 844-45.  Furthermore, prison officials reasonably responded to any risk of harm by immediately placing Futch in protective custody and later transferring him to a different prison where he was also housed in protective custody.  Because Futch cannot show the prison was deliberately indifferent to his safety, the District Court properly dismissed Futch's Eighth Amendment claim.

Finally, for the reasons given by the District Court, there was no basis to grant Futch's request for injunctive relief.  Although he desired to remain in protective custody and sought a preliminary injunction to secure this housing request, he has not adequately demonstrated the elements required to receive such relief.  Moreover, Futch does not have a constitutionally protected liberty interest in his place of confinement, transfer, or classification.  Sandin v. Conner, 515 U.S. 472, 483 (1995); Meachum v. Fano, 427 U.S. 215 (1976); Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976).

Therefore, as this appeal presents no substantial question, we will grant appellee's

4

motion for summary affirmance.  <u>See</u> 3d Cir. L.A.R. 27.4 and 3d Cir. I.O.P. 10.6.

Appellant's motions for appointment of counsel and to stay the appeal are denied.